UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY MYERS,

        Plaintiff,                            Case Number 24-10354

v.                                                Honorable David M. Lawson

R.G.P., INC. d/b/a QUALITY TEAM 1 and
BRADLEY J. WILLIAMS,

        Defendants.

_____/

## ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING THE CASE

On February 12, 2024, the plaintiff filed her complaint alleging that the defendants underpaid and discriminated against her based on her sex, and that they breached the terms of a settlement agreement that was executed to resolve prior litigation over the same employment discrimination claims. The defendants subsequently filed motions to dismiss under Federal Rule of Civil Procedure 12(b). However, on March 27, 2024, defendant R.G.P., Inc. filed a notice of removal of the case to the Bankruptcy Court for the Eastern District of Michigan. The notice represents that on December 1, 2023 defendant R.G.P., Inc. initiated a petition in that court for voluntary relief under Chapter 11 of the Bankruptcy Code.

Section 1452 of the Title 28 of the Bankruptcy Code authorizes the removal of any civil action "arising in or related to [a] case[] under title 11" to the federal court where a bankruptcy petition is pending. *See* 28 U.S.C. § 1452(a); 28 U.S.C. § 1334(b). Rule 9027 of the Federal Rules of Bankruptcy Procedure provides that after a notice of removal is filed, the court from which the action was removed may proceed no further until the case is remanded. Fed. R. Bankr. P. 9027(c) ("Promptly after filing the notice of removal, the party filing the notice shall file a copy of it with the clerk of the court from which the claim or cause of action is removed. Removal of the claim

or cause of action is effected on such filing of a copy of the notice of removal.  The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.").  The removal of a case to the bankruptcy court divests the originating court of jurisdiction to proceed further with the matter.  *See In re DaimlerChrysler Corp.*, 294 F.3d 697, 699, 2002 WL 1306168 (5th Cir. 2002) ("We held [in a previous appeal in this matter] that because the Delaware [Bankruptcy] Court had transferred the friction products cases to itself, the district court in Texas was bound by the transfer order of its sister federal court and the district court in Texas therefore did not have jurisdiction to remand these cases to state court.").

Based on the notice of removal, the Court will stay the proceedings and administratively close this case until the matter is returned to this Court from the bankruptcy forum.  The defendants' pending motions to dismiss will be held in abeyance, and the parties will be directed promptly to inform the Court when the Bankruptcy Court has acted on any motion to remand the case or taken other action that would allow this litigation to resume.

Accordingly, it is **ORDERED** that all proceedings in this matter are **STAYED**, and the case shall be **ADMINISTRATIVELY CLOSED** by the Clerk of Court until further order of the Court.  The parties shall inform the Court promptly of any ruling by the Bankruptcy Court granting a motion to remand or any other action taken by the Bankruptcy Court that would allow the proceedings in this case to resume.  The defendants' motions to dismiss (ECF No. 7, 14) are held in abeyance pending the return of the case from the bankruptcy forum.  After the case is remanded or other action is taken by the Bankruptcy Court allowing this litigation to resume, any party may file an appropriate motion to reopen the matter and reinstate the motions to dismiss.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   March 28, 2024